# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NORMAN LESLIE CROCKETT, JR., | ) | Case No. 05-50249 |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM ORDER

The issue before the Court in this Chapter 7 proceeding is whether the Trustee may surcharge the Debtor's homestead exemption for the Debtor's post-petition occupancy of his residential real estate, which the Trustee has sold to a third party.

Upon selling the Debtor's residence, the chapter 7 trustee ("Trustee"), Bruce E. Strauss, withheld $1,993.43 of the Debtor's $15,000 homestead exemption from the proceeds of the sale on grounds that the Debtor had failed to pay for his use of the property during the pendency of the bankruptcy. Attempts to persuade the Trustee to release the $1,993.43 to the Debtor failed. The Debtor's attorney then filed a "Motion for Order to Trustee to Pay Funds," asking the Court to require the Trustee to turn the $1,993.43 over to the Debtor. In opposition to the Debtor's motion, the Trustee argues that he is entitled to retain the $1,993.43 to compensate the estate for the Debtor's use of the property and for his failure to continue making the mortgage payments on the property after September 2005.

The parties presented the facts and arguments in a non-evidentiary hearing on the Debtor's motion on May 11, 2006. The Court authorized the parties to informally submit to the Court additional materials in support of their positions. The Debtor subsequently submitted a letter, cases, and several documents in support of his position. The Trustee filed a Surresponse, supported by an affidavit of his realtor, on June 16, 2006.

For the reasons stated below, the Court will grant the Debtor's motion and order the Trustee to turn over the $1,993.43 to the Debtor.

## BACKGROUND

The facts culled from the pleadings and the materials submitted by the parties are largely undisputed. The Debtor, Norman Leslie Crockett, Jr., filed for protection under chapter 7 of the

Bankruptcy Code on March 7, 2005. At that time, he owned and resided in the residence located at 6907 N.W. 74th Terrace, in Kansas City, Missouri. On his bankruptcy schedules, the Debtor valued the property at $94,000. The property was subject to a lien in the approximate amount of $68,000 in favor of Countrywide Mortgage.

The Debtor indicated in the "Statement of Intention" filed with his bankruptcy petition that he intended to keep his house and reaffirm the debt. However, the Trustee declined to abandon the property, in the apparent belief that there was value to be realized for the benefit of creditors over the Debtor's homestead exemption (which the Debtor had properly asserted). Consequently, the Debtor did not reaffirm the debt, but he did continue to live in the house and make the mortgage payments until October 2005.

On October 3, 2005, the Trustee sent the Debtor a letter informing him that the Trustee had listed the property for sale and that "[u]pon closing of the transaction, you will be paid the sum of $15,000 as your homestead exemption." Notably, the letter did not instruct the Debtor to move out or to pay rent.

The Debtor did not make any mortgage payments after receiving this letter; however, the Debtor did continue to pay the utilities, insure the property, and perform general maintenance on the property. The Debtor contends, and the Trustee does not dispute, that the Debtor also cooperated with the realtor in showing the property.

On October 10, the Trustee filed a motion to sell the property, indicating he had a contract for $94,000. The Court entered an order authorizing the sale on December 23, and the sale closed on February 3, 2006. The closing statement provided to the Court indicates that the Trustee received $17,773 in net proceeds from the sale. According to the Debtor, on February 7 the Trustee told him to move out, and the Debtor promptly vacated the premises four days later, on February 11.

On February 14, the Trustee sent the Debtor a letter informing him that the sale had closed and that he was deducting $1,993.43 from the Debtor's $15,000 homestead exemption for various reasons, the primary one being the accrued interest from September 1 to January 10, when the debtor was occupying the property but not making the mortgage payments.

**DISCUSSION**

The issue raised by the Debtor's motion and Trustee's objection thereto is whether a trustee may surcharge a debtor's homestead exemption for the use of estate property, and, if so, are there any conditions to the Trustee's ability to do so?

The Trustee argues that he is entitled to surcharge the Debtor's homestead exemption because (a) the Debtor realized a significant financial benefit through his continued use of the property without payment of the on-going mortgage payments and (b) the bankruptcy estate was diminished because the Trustee had to pay additional interest and other expenses as a result of the Debtor's failure to make the mortgage payments after September 2005.  The Trustee does not specifically cite any legal authority or principle for his position; rather, he appears to rely on general equitable concepts.  The Debtor's response to the Trustee's argument is two-fold: He argues, first, that the Debtor's continued occupancy of the house was not inappropriate since the Trustee never told the Debtor that he should vacate the premises or compensate the bankruptcy estate for his use of the property; and second, that the alleged detriment to the estate is offset by the benefits the Debtor provided to the estate during his occupancy of the property, including paying the utilities, insuring the property, and generally maintaining the property.

The Trustee's argument here is not wholly without support or appeal.  At least one court has allowed a trustee to surcharge a debtor's homestead exemption for the use of estate property.[1]  But other courts, including the Seventh Circuit Court of Appeals, have refused to permit a trustee to do this, reasoning that a debtor's homestead exemption includes a right "to remain in his home rent free until he received the cash value of the exemption."[2]

In this case, the Court does not need to make any sweeping pronouncements about the extent of the Missouri homestead exemption for three reasons.  First, a key element cited for allowing a trustee to surcharge a debtor's homestead exemption for the debtor's use of the property – that is, notice to the

---

[1] *See Spence v. Ament*, 77 B.R. 439 (Bankr. D. Del. 1987).

[2] *In re Szekely*, 936 F.2d 897, 901 (7th Cir. 1991).  *See also, In re Jones*, 166 B.R. 657, 663 (Bankr. N.D. Ill. 1994) (citing *Szekely*).

3

debtor that the Trustee expected payment for the continued use of estate property – is not present here.[3] The Trustee has admitted that he did not demand that the Debtor pay "rent" for his continued occupancy of the premises. In fact, the Debtor *did* make the mortgage payments up until October 2005, when he received a letter from the Trustee advising him that the Trustee had listed the property for sale. Notably, in that letter, the Trustee advised the Debtor that "[u]pon closing of the transaction, you will be paid the sum of $15,000 as your homestead exemption."[4] He did not direct the Debtor to continue making the mortgage payments, demand that he vacate the property, or demand rent or rent-equivalent payments. Given the alacrity with which the Debtor vacated the premises after the Trustee asked him to do so, the Court finds that the Debtor could (and likely would have) vacated the premises sooner if he had known that the Trustee expected him to pay for his continued occupancy of the property.

In her affidavit, the realtor states that the Debtor assured her that he was continuing to make the mortgage payments and implies that he was being untruthful in that regard. However, the affidavit does not indicate when those assurances were given. Whether they were truthful or untruthful, the fact is that the Debtor made the mortgage payments up until the time he was told that the Trustee was going to sell the property and it became apparent that the Debtor would not be able to retain his home. The Debtor's discontinuance of the mortgage payments at that time was understandable, inasmuch as it was then clear that he would be unable to keep his home.

Second, the Court agrees with the Debtor that the detriment to the estate claimed by the Trustee is offset by benefits the Debtor conferred on the estate – tangibly, in the form of mortgage payments from March through September 2005, utility and insurance payments from March 2005 to February 2006, and in the general maintenance of the property; and intangibly (but not without monetary value) in the convenience gained by relieving the Trustee of the burden of caring for the property himself.

Finally, had the Debtor moved from the property in October when he received notice that the Trustee intended to sell the property, the estate would have been required to pay the interest that accrued on the mortgage until the closing in February 2006, casualty insurance, utilities through the winter months,

---

[3] *Spence*, 77 B.R. at 440.

[4] Trustee's letter of October 3, 2005.

and other costs of maintenance. Thus, the estate did not suffer any detriment that it would not have suffered if the Debtor had not remained in the property without paying the mortgage payments or an equivalent amount in rent.

In the end, the Court appreciates the Trustee's position and agrees that, as a general rule, debtors should not be allowed to use estate assets without adequately compensating the estate. However, in the case of a debtor's residence, the Court is hesitant to permit a trustee to surcharge a debtor's statutory homestead exemption for that use, especially when the debtor has not been put on notice that his homestead exemption is at stake. Basic fairness dictates no less.

Therefore, for the reasons stated above it is

**ORDERED** that the Debtor's motion to pay over exempt funds is SUSTAINED. It is

**FURTHER ORDERED** that the Trustee is directed to turn over to the Debtor $1,993.43, representing the remainder of the proceeds exempt pursuant to Mo. Rev. Stat. § 513.475 from the sale of the Debtor's residence.

**SO ORDERED** this 19th day of June 2006.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Ray R. Calkins
Bruce E. Strauss